CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
November 25, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ Megan Poff
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **NASIR S. MUHAMMAD,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 7:26-cv-00310** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **E. HERALD,** | ) | **By: Robert S. Ballou** |
| **Defendant.** | ) | **United States District Judge** |

Nasir S. Muhammad, a Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983, alleging that the Defendant "interfered with Plaintiff's serious medical need – Post surgery prescribed medical treatment with deliberate indifference … [by] fail[ing]to schedule and ensure that Plaintiff be transferred to VCU Medical Center to receive: 'Post-surgery prescribed medical treatment'" in violation of the Eighth Amendment. Dkt. 1. He is seeking "nominal/punitive damages - $20,000.00." *Id.*

Muhammad filed a Motion to Amend his Complaint on November 24, 2026 requesting "[n]ominal/punitive damages - $750,000. No retailortory [sic] acts. Latorial [sic] transfer. Expungment [sic] of prison record. Immediate release w/o parole/probation. Restoration of rights[.]" Dkt. 9. Because I am summarily dismissing his Complaint for failing to state a cause of action for which relief may be granted, I will deny Muhammad's Motion to Amend as futile and deny any remaining pending motions as moot.

## I. FACTS

Muhammad is currently incarcerated at Pocohontas State Correctional Center, which is also where the alleged violations occurred. On February 14, 2021, Muhammad "had prostate surgery and had it completely removed." Dkt. 1. As Muhammad's post-surgery medical treatment, he was to meet with his medical team at VCU Medical Center "every three months to

receive treatment, to ensure a timely identification of return of cancer and to prevent the return of cancer." *Id*. Muhammad met with his VCU medical team on September 2, 2025. His next appointment was scheduled for December 2025, however, it was cancelled due to weather. The next appointment he had with his VCU medical team was on February 24, 2026, which "exceed[ed] the three (3) months [sic] time period to receive said prescribed medical treatment." *Id*.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must "dismiss the complaint, or any portion of the complaint," if it is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). While a *pro se* complaint must be construed liberally and "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), the court cannot ignore a clear failure in the pleadings to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do'… Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of further factual enhancement.'" (internal citations omitted)).

## III. DISCUSSION

To state a claim for medical deliberate indifference under § 1983, Muhammad must establish that the Defendant, acting under the color of state law, deprived him of rights, privileges, or immunities guaranteed by the Constitution or laws of the United States. 42 U.S.C.

§ 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and "[i]t is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). A prison official's "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 239 U.S. 97, 102 (1976) (internal quotation marks and citations omitted). However, the Supreme Court has made clear that "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id*. at 106. "Rather, 'to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.' " *Moskos v. Hardee*, 24 F.4th 289, 297 (4th Cir. 2022).

A claim of medical deliberate indifference has two components: an objective prong and a subjective prong. *Gordon v. Schilling*, 937 F.3d 348, 356 (4th Cir. 2019). "The plaintiff must show that he had serious medical needs, which is an objective inquiry, and that the defendant acted with deliberate indifference to those needs, which is a subjective inquiry." *Heyer v. United States Bureau of Prisons*, 849 F.3d 202, 209-10 (4th Cir. 2017). The objective prong requires Muhammad "to show that the alleged delay…put him at a 'substantial risk' of 'serious harm.' " *Moss v. Harwood*, 19 F.4th 614, 624 (4th Cir. 2021). "A commonplace medical delay such as that experienced in everyday life will only rarely suffice to constitute an Eighth Amendment violation, absent the unusual circumstances where the delay itself places the prisoner at 'substantial risk of serious harm,' such as where the prisoner's condition deteriorates markedly or the ailment is of an urgent nature." *Moskos*, at 298.

Muhammad fails to allege facts that show the delay of a follow-up medical appointment resulted in substantial harm to his health or placed him at substantial risk of serious harm. "Medical care is often not immediate. Only the most fortunate are able to receive a doctor's appointment at the precise time they want it or medical attention at the very moment of arrival at a hospital. Waiting is often the name of the game. And actual treatment may not follow immediately upon medical attention, whether due to the caution of a prudent physician or the inevitable uncertainties of diagnosis. It would be wrong to turn the everyday inconveniences and frictions associated with seeking medical care into constitutional violations whenever they occur within the prison walls." *Id*. at 297-298.

Muhammad claims that the follow-up appointment was cancelled due to weather and could not be re-scheduled until February 2026. Weather in no way is something that anyone can control and the facts related to the delay as alleged indicate a mere inconvenience associated with seeking medical care. Therefore, I find no basis for concluding any delay in his treatment exacerbated an injury or unnecessarily prolonged serious pain.

Given that Muhammad wholly fails to present any facts to support a finding of the objective prong of the analysis, I find it unnecessary to move on to the subjective prong.

## IV. CONCLUSION

Accordingly, for the foregoing reasons, the court will summarily dismiss Muhammad's complaint without prejudice because he fails to state a claim for which relief may be granted.

Enter: November 25, 2026

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge